WALLACE, Judge.
Joseph L. Rumore entered pleas of guilty to the charges of trafficking in cocaine and possession of drug paraphernalia. Based on these substantive charges, Mr. Rumore also admitted violating his probation in several other cases. The circuit court designated the sentences for Mr. *552 Rumore’s probation violations to run concurrently with the sentence that it imposed on him for the new trafficking-in-cocaine charge. Mr. Rumore reserved his right to appeal the denial of his dispositive motion to suppress. For the reasons explained below, we affirm the orders revoking Mr. Rumore’s probation and his judgments and sentences.
We hold that the search of Mr. Ru-more’s automobile did not exceed the scope of his consent. See Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991). Furthermore, we hold that the subsequent strip search of Mr. Rumore’s person was reasonable under the Fourth Amendment but unlawful under section 901.211, Florida Statutes (2005). However, Mr. Rumore is not entitled to have the fruits of the search suppressed because the exclusionary rule is inapplicable in the context of violations of section 901.211. See Laster v. State, 933 So.2d 41, 42 (Fla. 2d DCA 2006); Jenkins v. State, 924 So.2d 20, 33-34 (Fla. 2d DCA 2006), review granted, 944 So.2d 345 (Fla. 2006). Because the trial court correctly denied Mr. Rumore’s motion to suppress, we affirm his judgments and sentences as well as the revocation of his probation.
As in Jenkins and Laster, we certify that our decision is in direct conflict with D.F. v. State, 682 So.2d 149 (Fla. 4th DCA 1996).
Affirmed; conflict certified.
SILBERMAN and VTLLANTI, JJ, Concur.